UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>        **Plaintiff,**<br><br>v.<br><br>SIDEBAR UNDERGROUND ATLANTA, LLC D/B/A SIDEBAR ATLANTA AND ANTHONY DWAYNE STANDBERRY, SR.,<br><br>        **Defendants.** | Case No.<br>_____ |

**COMPLAINT FOR DAMAGES**

**DESIGNATION:  PROPERTY RIGHTS**

**JURISDICTION**

1. Plaintiff seeks relief for the Defendants' violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28

1

U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.  This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Georgia.

## VENUE

4.  Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of Georgia, Atlanta Division, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.  The Plaintiff, G & G Closed Circuit Events, LLC is, and at all relevant times mentioned was, a Nevada limited liability company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Henderson, NV 89014.

6.  Defendant Sidebar Underground Atlanta, LLC d/b/a Sidebar Atlanta (hereinafter "Sidebar Atlanta") is a Georgia limited liability company with its

principal place of business located at 79 Poplar Street NW, Suite A, Atlanta, Georgia 30303 and it's Registered Agent, Anthony Standberry, located at 245 Peachtree Center Avenue NE, Suite 2460, Atlanta, Georgia 30303.  Defendant Sidebar Atlanta is subject to the venue and jurisdiction of this court.

7.     Upon information and belief, in July 2023 Defendant Anthony Dwayne Standberry, Sr. (hereinafter "Standberry") was a controlling manager and/or owner of Sidebar Atlanta.  Defendant Standberry appears to reside at 2282 Rosemoore Walk NE, Marietta, Georgia 30062.  Defendant Standberry is subject to the venue and jurisdiction of this Court.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

8.     Plaintiff had the exclusive nationwide television distribution rights to the *Errol Spence Jr. v. Terence Crawford – Championship Fight Program* which took place on Saturday, July 29, 2023 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9.     Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the

rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10. As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11. Neither Defendant Sidebar Atlanta nor Defendant Standberry contracted with the Plaintiff or paid the necessary sublicense fee required to obtain the Program for their commercial establishment. Therefore, they did not have any authorization to show the Program.

12. On July 29, 2023, the Program was shown at Sidebar Atlanta.

13. Defendants Sidebar Atlanta and Standberry unlawfully showed the Program at Sidebar Atlanta on the night of July 29, 2023 with full knowledge that the Program was not to be intercepted, received and exhibited by them because they did not have authorization.

14. Defendant Standberry, as a controlling manager of Sidebar Atlanta, had the right and ability to supervise the display of the Program at Sidebar Atlanta.

15. The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since Defendants used a deliberate act to receive the

Event which was unauthorized, and it was done for purposes of commercial advantage and private financial gain.

16. Defendant Standberry had a strong financial interest in intercepting and exhibiting Plaintiff's Program on July 29, 2023.

17. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

18. By reason of the aforesaid mentioned conduct, Defendants Sidebar Atlanta and Standberry violated Title 47 U.S.C. Section 605, *et seq.* since they were not authorized to show the Program at Sidebar Atlanta.

19. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff has a private right of action.

20. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendants:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

    (b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) Recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

21. Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

22. As previously stated, Plaintiff G & G Closed Circuit Events, LLC was granted the exclusive nationwide television distribution rights to the Program which took place on July 29, 2023. The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

23. Defendants Sidebar Atlanta and Standberry ran, managed and exercised control over Sidebar Atlanta in July 2023.

24. Plaintiff has no record of Defendants Sidebar Atlanta and Standberry ever entering into a sublicensing agreement with Plaintiff G & G Closed Circuit Events, LLC or paying the required fee for the Program to be shown at Sidebar Atlanta on July 29, 2023.

25. Defendants Sidebar Atlanta and Standberry used unlawful means to receive the cable signal required to exhibit the Program.

26. Defendant Standberry had the right and ability to supervise the infringement of Plaintiff's Program at Sidebar Atlanta as one of its controlling managers.

27. Defendant Standberry also had a strong financial interest in the interception and exhibition of the Program at Sidebar Atlanta.

28. Because Defendants were not given authorization to show the Program at Sidebar Atlanta on July 29, 2023, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.*

29. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff has a private right of action.

30. As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from Defendants:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

    (b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant Title 47 U.S.C. 553(c)(3)(B), and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

(d)   in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;

2. Enhanced damages up to $100,000.00 against Defendants, and;

3. For reasonable attorneys' fees pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $10,000.00 against Defendants, and;

2. Enhanced damages up to $50,000.00 against Defendants and;

3. For reasonable attorneys' fees as may be awarded in the Court's

discretion pursuant to statute, and;

4. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

This the 15th day of May, 2025.

**MOROCHNIK LAW, LLC**

By: /s/ Paul J. Morochnik
Paul J. Morochnik, Esq.
Georgia Bar No. 526465
1080 Peachtree St NE, Ste 1210
Atlanta, Georgia 30309
(770) 760-7424 – Telephone
paul@morochnik.com

Of Counsel:
**RONALD D. REEMSNYDER PC**
Ronald D. Reemsnyder, Esq.
Georgia Bar No. 597950
10738 Big Canoe
Jasper, Georgia 30143
(404) 861-9798 – Telephone
rdreemsnyder@gmail.com
*Attorneys for Plaintiff G & G Closed Circuit Events, LLC*